THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**MICHIGAN ECONOMIC DEVELOPMENT CORPORATION,**
a Michigan Public Body Corporate,

       Plaintiff,

v.

**PURE MICHIGAN REAL ESTATE, INC.**
a Michigan Corporation

       Defendant.
_____/

Case No.:
Hon.

John C. Blattner (P52745)
Matthew J. Snider (P76744)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104
734.623.1698
734.623-1909
jblattner@dickinsonwright.com
msnider@dickinsonwright.com

Attorneys for Plaintiff
_____/

## COMPLAINT

    Plaintiff, Michigan Economic Development Corporation ("MEDC"), hereby complains against Defendant Pure Michigan Real Estate, Inc. ("Defendant") as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    MEDC is a Michigan Public Body Corporate having a place of business at 300 N. Washington Square, Lansing, Michigan 48913, and doing business in this judicial district.

2.	Upon information and belief, Defendant is a Michigan corporation having a place of business at 2200 Mott Road, North Branch, Michigan 48461, and doing business in this judicial district.

3.	This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and Michigan statutory and common law.

4.	This Court has original subject matter jurisdiction over MEDC's Lanham Act claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

5.	This Court has supplemental jurisdiction over MEDC's claims arising under the laws of the State of Michigan pursuant to 28 U.S.C. § 1367(a) because these claims are so related to MEDC's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.	This Court has personal jurisdiction over Defendant.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant resides within this district pursuant to 28 U.S.C. § 1391(c).

## FACTS

7.	MEDC is a public-private partnership dedicated to promoting tourism and economic development in the State of Michigan.

8.	MEDC is the owner of the following federal registrations for the mark PURE MICHIGAN (collectively the "PURE MICHIGAN Trademarks"):

	a.	PURE MICHIGAN, U.S. Registration No. 3,239,334, for "promoting tourism in the State of Michigan," filed on May 31, 2006, and registered on May 8, 2007 (attached as **Exhibit A**).  This mark was first used in United States commerce in connection with the identified services at least as early as May 22, 2006.

b. **PURE MICHIGAN** (logo), U.S. Registration No. 3,239,335, for "promoting tourism in the State of Michigan," filed on May 31, 2006, and registered on May 8, 2007 (attached as **Exhibit B**).  This mark was first used in United States commerce in connection with the identified services at least as early as May 22, 2006.

c. PURE MICHIGAN, U.S. Registration No. 4,380,575, for "promoting economic development in the State of Michigan," filed on April 14, 2011, and registered on August 6, 2013 (attached as **Exhibit C**).  This mark was first used in United States commerce in connection with the identified services at least as early as March 10, 2011.

d. **PURE MICHIGAN** (logo), U.S. Registration No. 4,361,813, for "promoting economic development in the State of Michigan," filed on April 14, 2011, and registered on July 2, 2013 (attached as **Exhibit D**).  This mark was first used in United States commerce in connection with the identified services at least as early as March 10, 2011.

9. Since 2006, MEDC has invested substantial time, effort, and money promoting the PURE MICHIGAN Trademarks in Michigan and throughout the United States through extensive print and broadcast advertising, through its websites located at www.michiganbusiness.org and www.michigan.org, as well as through numerous other promotional activities.  As a result, the PURE MICHIGAN Trademarks have become widely known and associated not only with MEDC, but also with the State of Michigan and a broad range of Michigan industries.  MEDC has developed substantial trademark rights and a valuable good will in its PURE MICHIGAN Trademarks as a result of its continuous and exclusive use of the marks since 2006.

10.     Based on information and belief, Defendant offers real estate services under the trade name "Pure Michigan Real Estate."

11.     Upon information and belief, an individual named Mark Gillim, who has represented Pure Michigan Real Estate, Inc., in dealings with MEDC, registered the domain name www.puremichiganrealestate.com on or about March 10, 2010 (see **Exhibit E**), and controls the use of that domain name, which at the time of this Complaint redirects to a web site about "Michigan Real Estate" operated by the National Association of Realtors.

12.     Upon information and belief, since on or about April 26, 2012, Defendant has promoted its real estate services via a social media page located at www.facebook.com/PUREMICHIGANREALESTATE.  The page describes Pure Michigan Real Estate, Inc., as "a full-service brokerage."  (see **Exhibit F**).

13.     On or about February 8, 2013, Defendant submitted Articles of Incorporation to the Michigan Department of Licensing and Regulatory Affairs for a corporation named Pure Michigan Real Estate, Inc. (attached as **Exhibit G**).

14.     On or about March 7, 2013, Defendant obtained a Real Estate Broker Company license, license number 6505376108, from the Michigan Department of Licensing and Regulatory Affairs in the name of Pure Michigan Real Estate, Inc. (attached as **Exhibit H**).

15.     Between on or about February 15, 2013 and on or about September 3, 2013, Defendant made several requests to collaborate with MEDC and to use the PURE MICHIGAN Trademarks.

16.     MEDC has consistently denied Defendant's requests for collaboration and requests to use the PURE MICHIGAN Trademarks.  MEDC has not licensed, authorized, or approved the Defendant's use of the PURE MICHIGAN Trademarks in any way.

17. On September 13, 2013, counsel for MEDC wrote to Defendant informing it of MEDC's federal registrations for the PURE MICHIGAN Trademarks and demanding that Defendant promptly halt further use of the PURE MICHIGAN mark and transfer the domain name www.puremichiganrealestate.com to MEDC. A copy of this correspondence is attached as **Exhibit I**.

18. Defendant's corporate name, trade name, and domain name are confusingly similar to MEDC's PURE MICHIGAN Trademarks.

19. The services offered by Defendant under the name "Pure Michigan Real Estate," including real estate services as well as promoting the real estate industry in Michigan, are closely related to the tourism and economic development services offered by MEDC under the PURE MICHIGAN Trademarks.

20. Defendant's use of "Pure Michigan Real Estate" is likely to cause confusion, mistake, or deception as to the source, origin, or authenticity of Defendant's services and is likely to lead the public to conclude, incorrectly, that the services that Defendant is advertising, marketing, and/or selling originate with or are authorized by MEDC, when in fact they are not.

21. Defendant continues to use "Pure Michigan Real Estate" in its corporate name, trade name, and domain name with full knowledge of MEDC's prior rights in the PURE MICHIGAN Trademarks for the purpose of, and with the intent of, trading upon the goodwill MEDC has developed in its well-known PURE MICHIGAN Trademarks.

## CLAIMS FOR RELIEF

## COUNT I

### TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

22. MEDC restates and incorporates by reference the allegations in paragraphs 1-21 as though set forth fully herein.

23. By its actions, Defendant has used in commerce, without MEDC's consent, reproductions, counterfeits, copies, and/or colorable imitations of the PURE MICHIGAN Trademarks in connection with the sale, offering for sale, and/or advertising of services, such use being likely to cause confusion, to cause mistake, or to deceive.

24. Upon information and belief, the foregoing conduct of Defendant has been willful and with knowledge of MEDC's trademark rights.

25. Defendant's activities constitute infringement of MEDC's federally registered trademarks in violation of the Lanham Act, including but not limited to 15 U.S.C. § 1114.

26. As a result of its wrongful conduct, Defendant is liable to MEDC for trademark infringement.  15 U.S.C. § 1114.  MEDC has been injured by Defendant's conduct and is entitled to recover damages in an amount that presently is unknown, but that includes any and all profits Defendant has made as a result of its wrongful conduct.  15 U.S.C. § 1117(a).

27. In addition, because Defendant's infringement of MEDC's trademark rights has been willful, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).  Alternatively, MEDC is entitled to statutory damages under 15 U.S.C. § 1117(c).

28. MEDC has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) MEDC's trademarks are unique and valuable property that have no readily determinable market value, such that MEDC could not be made completely whole by any

monetary award; (b) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of Defendant's infringing services; and (c) Defendant's wrongful conduct and the resulting damage to MEDC and to the public are continuing.

29.     MEDC is also entitled to recover its reasonable attorney fees and costs of suit. 15 U.S.C. § 1117.

## COUNT II

**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. § 1125(a))**

30.     MEDC restates and incorporates by reference the allegations in paragraphs 1-29 as though set forth fully herein.

31.     Defendant's actions as herein described are likely to cause confusion, to cause mistake, or to deceive the public as to an affiliation, connection, or association between Defendant and MEDC.

32.     Defendant's conduct as herein described constitutes unfair competition and false representation or false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and have, or are likely to have, adversely affected MEDC's interstate commercial operations under its PURE MICHIGAN Trademarks.

33.     Upon information and belief, Defendant's conduct as described herein has been willful and with knowledge of MEDC's trademark rights.

34.     The Defendant's conduct is causing, and will continue to cause, irreparable harm to MEDC unless enjoined by this Court.  Therefore, MEDC is without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

## COUNT III

### FEDERAL CYBERPIRACY (15 U.S.C. § 1125(d))

35. MEDC restates and incorporates by reference the allegations in paragraphs 1-34 as though set forth fully herein.

36. Defendant's conduct as herein described constitutes cyberpiracy in violation of § 43(d) of the Lanham Act.  15 U.S.C. § 1125(d).

37. Upon information and belief, Defendant's conduct has been willful and with knowledge of MEDC's trademark rights.

38. The Defendant's conduct is causing, and will continue to cause, irreparable harm to MEDC unless enjoined by this Court.  Therefore, MEDC is without an adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

## COUNT IV

### MICHIGAN STATE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39. MEDC restates and incorporates by reference the allegations in paragraphs 1-38 as though set forth fully herein.

40. Defendant's conduct as herein described constitutes trademark infringement and unfair competition under the common law of the State of Michigan.

41. Defendant's conduct has damaged and will continue to damage MEDC and has resulted in an illicit gain of profit to Defendant in an amount that is unknown at this time.

42. The Defendant's conduct is causing, and will continue to cause, irreparable harm to MEDC unless enjoined by this Court.  Therefore, MEDC is without an adequate remedy at law and is entitled to a preliminary and permanent injunctive relief.

## COUNT V

### MICHIGAN STATUTORY UNFAIR COMPETITION (M.C.L § 429.42(a))

43. MEDC restates and incorporates by reference the allegations in paragraphs 1-42 as though set forth fully herein.

44. Defendant's conduct as herein described constitutes a violation of M.C.L. § 429.42(a).

45. Defendant's wrongful acts have injured and threaten to continue to injure MEDC, including by dilution of goodwill, confusion of consumers, injury to its reputation, and diminution of the value of the PURE MICHIGAN Trademarks.  MEDC also has been injured and will continue to incur attorneys' fees and costs in bringing the present action.  MEDC has no remedy at law for the wrongful conduct of Defendant.

## COUNT VI

### MICHIGAN CONSUMER PROTECTION ACT (M.C.L. § 445.903)

46. MEDC restates and incorporates by reference the allegations in paragraphs 1-45 as though set forth fully herein.

47. Defendant engages in trade or commerce within the meaning of the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq.*

48. The conduct of Defendant as described herein is likely to cause confusion and mistake among the public as to the origin and association of Defendant's services.  Moreover, Defendant's conduct is likely to lead consumers to conclude, incorrectly, that its real estate and community development services originate with, are sponsored by, or are authorized by MEDC, when in fact they are not.

49. Defendant's acts and conduct as alleged above constitute violation of the MCPA, including but not limited to subsections 445.903(1)(a), (b), and (c).

50. MEDC has suffered loss as a result of Defendant's violation of the MCPA, including loss of goodwill, confusion of consumers, injury to reputation, and diminution of the value of the PURE MICHIGAN Trademarks.

51. As a result, MEDC is entitled to recover actual or statutory damages, whichever are greater, and injunctive relief as requested herein, together with attorney fees pursuant to M.C.L. § 445.911.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Michigan Economic Development Corporation, respectfully requests:

a. That Defendant be found to have infringed MEDC's rights in its registered trademarks and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b. That Defendant and all of its officers, directors, employees, agents, servants, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined from infringing MEDC's marks, and from unfairly competing with MEDC in any manner;

c. That Defendant be required to relinquish the registration of the domain name www.puremichiganrealestate.com and be limited to use of a domain name or names that do not use the PURE MICHIGAN Trademarks or any colorable imitations thereof, or any mark confusingly similar thereto or likely to cause confusion or injure MEDC's business reputation;

      d.      That Defendant be required to discontinue operation the social media page located at [www.facebook.com/PUREMICHIGANREALESTATE](www.facebook.com/PUREMICHIGANREALESTATE) and/or discontinue the use of PURE MICHIGAN as part of the URL for that page.

      e.      That Defendant be ordered to provide an accounting of all profits derived from its sales of services in connection with the acts described herein, and to pay such profits, or such greater sum as this Court deems just and proper, to MEDC;

      f.      That Defendant be ordered to pay damages to MEDC adequate to compensate it for the acts described in this Complaint, or, upon MEDC's election, statutory damages pursuant to 15 U.S.C. § 1117(c) and M.C.L. § 445.911; that such damages be trebled; and that Defendant be ordered to pay MEDC its reasonable attorney fees;

      g.      That the Defendant be required to file with this Court and serve upon MEDC within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the terms of any injunction entered by this Court in accordance with 15 U.S.C. § 1116;

      h.      That Plaintiff be granted such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury for all issues so triable.

        Respectfully Submitted,

        DICKINSON WRIGHT PLLC

        /s/ John C. Blattner
        John C. Blattner (P52745)
        Matthew J. Snider (P76744)
        350 S. Main Street, Suite 300
        Ann Arbor, Michigan 48104
        734.623.1698
        734.623-1909
        jblattner@dickinsonwright.com
        msnider@dickinsonwright.com
        Attorneys for Plaintiff

Dated:  November 21, 2013

ANNARBOR 34566-45 167914